IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
Omaha Division

| | | |
|---|---|---|
| BRANDON STRAKA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| | ) | **TRIAL BY JURY** |
| NBCUNIVERSAL MEDIA, LLC, | ) | **IS DEMANDED** |
| CHRIS HAYES | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| ARI MELBER | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

# **COMPLAINT**

Plaintiff, Brandon Straka ("Plaintiff" or "Straka"), by counsel, files the following Complaint against Defendants, NBCUniversal Media, LLC d/b/a MSNBC ("MSNBC"), Chris Hayes ("Hayes") and Ari Melber ("Melber"), jointly and severally.

Plaintiff seeks (a) presumed damages and actual damages in the sum of **$25,000,000.00**, (b) prejudgment interest on the principal sum awarded by the Jury from December 17, 2021 to the date of Judgment, and (c) court costs – arising out of the Defendants' defamation and false light invasion of privacy.

1

## I.  PARTIES

1.      Plaintiff is a citizen of Nebraska.  He lives in Omaha.  He is the founder of the #WalkAway Campaign [https://www.walkawaycampaign.com/], a true grassroots movement that encourages and supports those on the Left to walk away from the divisive tenets endorsed and mandated by the Democratic Party of today.   Plaintiff is a conservative journalist, political commentator, activist and prominent social media influencer. [https://www.brandonstraka.com/about].   He was present on the Capitol grounds on January 6, 2021, but never entered the Capitol.  He was arrested, pled guilty and was convicted of one class B misdemeanor count of disorderly conduct in violation of 40 U.S.C. § 5104(e)(2)(D).  Prior to publication of the statements at issue in this case (see below), Defendants reviewed the record relating to Straka's criminal case, Case 1:21-cr-00579-DLF (D.D.C.), including the statement of offense (Document 26).

2.      Defendant, NBCUniversal Media, LLC, is a Delaware limited liability company.   NBCUniversal has employees and agents, owns property and transacts substantial business in Nebraska.   One of NBCUniversal's brands is "MSNBC". Reaching more than 96 million households worldwide, including millions in Nebraska, MSNBC offers a full schedule of live news coverage, left-wing voices, documentary programming – 24 hours a day, 7 days a week.  MSNBC delivers breaking news and information across a variety of platforms, including www.msnbc.com.  MSNBC also promotes its business in Nebraska and elsewhere via social media, including to its 5,390,000 YouTube subscribers and its 4,900,000 followers on Twitter.   None of NBCUniversal's members is a citizen of Nebraska.

3.    Hayes is a citizen of New York.  He is a left-wing political commentator, television anchor and activist.  Hayes hosts *All In With Chris Hayes*, a program that is broadcast on MSNBC weeknights at 8:00 p.m.  He is also editor-at-large of the far-left magazine *The Nation*.  Hayes and *All In* operate multiple Twitter accounts.  They have over 2,800,000 million followers on Twitter. [https://twitter.com/chrislhayes].

4.    Melber is a citizen of New York.   He is an attorney, chief legal correspondent for MSNBC and an NBC News Legal Analyst, reporting on law and justice stories across all NBC platforms.  Melber is host of *The Beat with Ari Melber*, a program that airs nightly at 6:00 p.m.  [https://www.msnbc.com/the-beat-with-ari/ari-melber-biography-n1125181].  Melber and *The Beat* operate multiple Twitter accounts. They have over 1,200,400 followers on Twitter. [https://twitter.com/arimelber].

## II.  JURISDICTION AND VENUE

5.    The United States District Court for the District of Nebraska has subject matter jurisdiction over this action pursuant to Title 28 U.S.C. § 1332 (Diversity).  The parties are citizens of different States.  The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.    MSNBC is at home in Nebraska and is subject to the Court's general personal jurisdiction.  Hayes and Melber are subject to specific jurisdiction in Nebraska.

7.    Venue is proper in this Court pursuant to Title 18 U.S.C. §§ 1391(b)(1) and (b)(2).  Defendants are subject to personal jurisdiction in Nebraska.  Additionally, the statements at issue were intentionally broadcast and republished throughout Nebraska, where Plaintiff suffered substantial injury.

## III.  STATEMENT OF MATERIAL FACTS

### A.   The Hayes Statements

8.     On December 17, 2021, during a segment of *All In with Chris Hayes*, MSNBC and Hayes published the following statements of fact of or concerning Plaintiff:

| No. | Statement |
|-----|-----------|
| 1 | "All of those people, those closer to Trump and those in the outer circles, all of them appear to have been smart enough not to commit the Federal crime of storming the Capitol live on television.  Brandon Straka is the exception". |
| 2 | "[Statement displayed on screen at 0:39] BRANDON STRAKA: **Take it away from him.  Take the shield!**[1] … Ya, the 'take the shield, take the shield', that's him [Brandon Straka] yelling that". |
| 3 | "If you put this together, it sure looks like Trump and his allies, including Meadows, were contemplating the scenario in which the mob marches to the Capitol and pro-Trump insurrectionists might be clashing with counter-protestors in the streets, hence the need to protect the pro-Trump people.  And now we got a guy [showing video of Brandon Straka] who was there, who was involved in the lead up to the insurrection, who was on the stage there at the rally the day before, who breaks into the Capitol". |

[https://www.youtube.com/watch?v=XV9xS_ujAHM (the "Hayes Statements")].

9.     MSNBC republished the Hayes Statements to its 5,000,000+ (at the time) YouTube subscribers.  As of December 15, 2022, the YouTube video containing the Hayes Statements had over 1,179,763 views.  Over 4,623 comments were posted, including statements falsely accusing Straka of being a domestic terrorist, an

---

[1]     The Statement of Offense (Document 26, ¶ 9) in Straka's criminal case stipulates and finds that "Straka … observed others yelling to take a U.S. Capitol Police Officer's shield.  He recorded a video of what was happening, and in the video, he chimed in with the crowd, saying "take it, take it."  He did this between 2:30 and 2:45 p.m. on January 6 while outside the entrance to the U.S. Capitol in the restricted area on the Capitol Grounds.  Straka left the U.S. Capitol Grounds at approximately 3:00 p.m."  ***Nowhere*** does the Statement of Offense indicate in any way that Straka called for any action to be taken against any police officer.  The Statement of Offense also clearly establishes that Straka did ***not*** break into the Capitol.

insurrectionist, a seditionist, a traitor, "storming the Capitol" and attempting to "overthrow the government'. One viewer commented, "Love you Chris for your very well learned journalism, your reporting is AWESOME, you make us understand the facts correctly & truthfully, thank you very much".

10.     In addition to MSNBC's cable television viewers and YouTube subscribers, MSNBC and Hayes circulated the Hayes Statements to millions via Twitter. [*See* https://twitter.com/allinwithchris/status/1472748593576620040].

11.     The Hayes Statements are materially false because:

- Straka did not commit the Federal crime of storming the Capitol.

- Straka did not say, "Take it away from him. Take the shield!" MSNBC and Hayes falsely attributed statements to Straka that Straka never made. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 510-511 (1991) ("False attribution of statements to a person may constitute libel, if the falsity exposes that person to … [hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation]).

- Brandon Straka did not break into the Capitol.

Comparing the Hayes Statements to the truth, it is beyond peradventure that the Statements are materially false. *See Blankenship v. Napolitano*, 451 F.Supp.3d 596, 623 (S.D.W. Va. 2020) (CNN referred to the plaintiff as a "convicted felon," despite knowing that plaintiff was only convicted of the misdemeanor offense – motion to dismiss defamation and false light claims DENIED – "Calling the plaintiff a 'felon' could place him in a false light that a reasonable person could consider 'highly offensive.'"); *James v. Powell*, 154 Va. 96, 106-107, 152 S.E. 539 (1930) ("To say that a man committed a felony which he did not commit, is a libel, and this is true even though he had, in fact, committed another felony of the same general character.") (citation omitted); *see also*

*Flynn v. Cable News Network, Inc.*, 2022 WL 3334716, at * 5 (S.D.N.Y. 2022) ("given the extreme negative connotations of being a QAnon follower, the Flynns have adequately alleged that being labeled a QAnon follower would have a different effect on the mind of a viewer than the pleaded truth."); *Nunes v. W.P. Company*, 2021 WL 3550896, at * 4 (D. D.C. 2021) (a reasonable juror could conclude that the article was materially false "because it stated that Nunes had made ... a baseless claim (when he had not)).

12.    The Hayes' Statements are completely fabricated.  MSNBC and Hayes conducted a thorough review of the public record relating to Straka's involvement in events on the Capitol grounds on January 6, 2021.  In spite of MSNBC and Hayes's actual knowledge that the Hayes Statements were false, MSNBC and Hayes published the falsehoods.

**B.    The Melber Statements**

13.    On October 19, 2022, during a segment of *The Beat with Ari Melber*, MSNBC and Melber published the following false statements of fact of or concerning Straka:

| No. | Statement |
|---|---|
| 4 | "[Showing image of Brandon Straka] This individual, as you [Matt Schlapp] may know, was convicted in connection with the January 6 insurrection.  He was found to have been trying to help attack police officers". |
| 5 | "His name is Brandon Straka.  He confessed.  He confessed to being guilty.  He was found to [have been] helping attack police". |

[https://www.youtube.com/watch?v=sYuasLwLh3U (the "Melber Statements")].  As of December 15, 2022, the YouTube video containing the Melber Statements had over

200,000 views.  Over 2,390 comments were posted, including statements falsely accusing Straka of attacking the Capitol Police.

14.     The Melber Statements are materially false because Straka did not confess and was not found by any Court to have helped attack police officers or to have attempted an attack on any police officer.  Indeed, the public record, reviewed by MSNBC and Melber prior to publication, demonstrates beyond cavil that Straka did not engage in any acts of violence or encourage anyone to commit violence on January 6, 2021.  Rather, he was filming events outside the east side of the Capitol in a journalistic capacity.

15.     Prior to publication of the Melber Statements, MSNBC and Melber accessed and reviewed public records concerning Straka's arrest and misdemeanor conviction for disorderly conduct on January 6, 2021, including the Statement of Offense and Judgment.  MSNBC and Melber published the Melber Statements with knowledge of falsity and reckless disregard for the truth. *See Celle v. Filipino Reporter Enterprises, Inc.*, 209 F.3d 163, 186 (2nd Cir. 2000) (defendant entertained serious doubts about the truth of the headline "US judge finds Celle 'negligent'", where he admitted that at the time he wrote the article he understood no decision had been reached on plaintiff's negligence).

16.     On October 20, 2022, MSNBC and Melber republished the Melber Statements to a new target audience: Melber's 358,900 Twitter followers:

https://twitter.com/TheBeatWithAri/status/1583106135338659841.

17.     The Hayes Statements and the Melber Statements caused presumed damages, actual damages, and special damages to Straka.  As was true in the Alex Jones cases   [https://www.youtube.com/watch?v=wRnp8pkdqOg],   MSNBC,   Hayes   and

Melber's actions caused Straka to be inundated with threats and subject to intense harassment and hate messages. Invitations to appear on television and podcasts and to participate in events went cold due to the toxicity of Defendants' false Statements. Straka suffered insult, embarrassment, humiliation, mental anguish, injury to his reputation, loss of income and career damage. Melber intentionally poisoned the opinion of an important and powerful colleague of Straka, Matt Schlapp. Mr. Schlapp is the Chair of CPAC, the largest and most influential gathering of conservatives in the world. [https://www.events.cpac.org/]. Mr. Schlapp had invited Brandon to speak at CPAC almost a dozen times over four years, and invited him to appear on his podcast and to be a guest in his home for various events. For Melber to tell Mr. Schlapp that Brandon "confessed" to helping attack police officers is catastrophic to Brandon's relationship with Mr. Schlapp and CPAC. MSNBC and Melber deliberately attempted to end Brandon's career and destroy Brandon's relationships with high profile political figures.

## COUNT I – <u>DEFAMATION</u>

18.    Plaintiff restates paragraphs 1 through 17 of this Complaint, and incorporates them herein by reference.

19.    MSNBC, Hayes and Melber made, published and republished numerous false factual statements of or concerning Plaintiff. These false statements are detailed verbatim above in paragraphs 8 and 13.

20.    MSNBC, Hayes and Melber published the false statements without privilege of any kind. The Hayes Statements and the Melber Statements were not a fair or accurate report of the record, or any part thereof, in Straka's criminal case.

21.     The Hayes Statements and the Melber Statements constitute defamation per se.  The Statements accuse and impute to Plaintiff (a) one or more crimes, including sedition, insurrection, unlawful entry, trespassing, impeding an officer or employee of the United States in the performance of his official duties, assault or aiding and abetting assault, and (b) an unfitness to perform the duties of an office or employment for profit, including lack of ethics, lack of integrity, lack of veracity.  The Statements also prejudice Plaintiff in his profession and employment as a journalist, business owner and political commentator.

22.     By broadcasting the Hayes Statements and Melber Statements to MSNBC's cable television viewers, subscribers and advertisers, by tweeting the Statements to over 8,900,000 followers on Twitter, and by broadcasting them on YouTube to MSNBC's 4,240,000 subscribers in Nebraska and elsewhere, MSNBC, Hayes and Melber knew or should have known that the Statements would be republished over and over by third-parties to Plaintiff's detriment.  Republication by MSNBC, Hayes and Melber's followers, mainstream media, and users of Twitter was the natural and probable consequence of MSNBC's actions and was actually and/or presumptively authorized by MSNBC.  In addition to its original publications, MSNBC is liable for the millions of third-party republications of the false and defamatory Statements under the republication rule.

23.     MSNBC, Hayes and Melber's false and defamatory Statements harmed Plaintiff and his reputation, causing presumed damages and actual damages.

24.     Prior to filing this action, Plaintiff fully complied with Nebraska Revised Statute § 25-840.01.  On November 7, 2022, Plaintiff gave notice to MSNBC, Hayes and

Melber specifying the statements claimed to be libelous or to have invaded privacy as provided by § 20-204 of the Nebraska Revised Statutes, and specifically requesting correction and retraction. MSNBC, Hayes and Melber refused to correct and/or retract the false and defamatory Statements.

25. MSNBC, Hayes and Melber published the Hayes Statements and the Melber Statements with actual knowledge that the Statements were false or with reckless disregard for whether they were false. Publication was prompted by actual malice and reckless disregard for the truth for the following reasons:

a. Prior to publication, MSNBC, Hayes and Melber reviewed the public record in Straka's criminal case. MSNBC, Hayes and Straka knew, therefore, that the Hayes Statements and the Melber Statements were false. MSNBC, Hayes and Melber had no source for the Statements. They fabricated the Statements, including the stories that Straka stormed the Capitol, that Straka broke into the Capitol, that Straka confessed to being guilty of attacking police officers, and that Straka was found to have been helping attack police officers. The Statements were a product of MSNBC, Hayes and Melber's imagination. Defendants made the Statements up out of whole cloth in order to impute crimes and intentional wrongdoing to Plaintiff. Although MSNBC, Hayes and Melber made it appear as if they had direct knowledge of facts, such as through court records and rulings, they did not have one shred of evidence to support the Statements. [*St. Amant v. Thompson*, 390 U.S. 727, 732 (1968) ("Professions of good faith will be unlikely to prove persuasive, for example, where a story is fabricated by the defendant [or] is the product of his imagination")].

b.      MSNBC, Hayes and Melber had a preconceived agenda and, as Democratic Party trumpets, harbored an institutional hostility, hatred, extreme bias, spite and ill-will towards Plaintiff.  This accumulated motive and bias caused MSNBC, Hayes and Melber to publish intentionally false Statements about Plaintiff, a conservative activist and social media influencer.  As evidenced by the words chosen and the timing and tenor of the publications, MSNBC, Hayes and Melber intended to inflict harm through knowing or reckless falsehoods. *Don King Productions, Inc. v. Walt Disney Co.*, 40 So.3d 40, 45 (Fla. 4th DCA 2010) ("[a]n intention to portray a public figure in a negative light, even when motivated by ill will or evil intent, is not sufficient to show actual malice unless the publisher intended to inflict harm through knowing or reckless falsehood.") (citing *Garrison v. Louisiana*, 379 U.S. 64, 73 (1964)); *Cochran v. Indianapolis Newspapers, Inc.*, 175 Ind.App. 548, 372 N.E.2d 1211, 1221 (1978) (evidence of ill will creates jury question on actual malice where "[t]here are no facts or statements of record which even remotely support" the defamatory implication at issue).

c.      MSNBC, Hayes and Melber intentionally abandoned all journalistic standards and integrity in broadcasting, publishing and republishing the Statements.  They did not seek the truth or report it.  They betrayed the truth for the sake of their motive and institutional bias against Plaintiff and to increase ratings.  Rather than minimize harm, MSNBC, Hayes and Melber set out to inflict maximum pain and suffering on Plaintiff in order to harm Plaintiff's reputation and impair the #WalkAway Campaign.  MSNBC, Hayes and Melber broadcast and published the Statements in the broadest manner possible, to television, Internet and vast social media audiences, for the

sole purpose of injuring Plaintiff's reputation and interfering with the business of #WalkAway. As a sure sign of their actual malice, MSNBC, Hayes and Melber did not even bother to contact Plaintiff for comment prior to publication. *Project Veritas v. New York Times*, Case 63921/2020 (Westchester County Mar. 18, 2021) (Opinion & Order, p. 13) (one of the reasons the New York Times was guilty of actual malice was that it intentionally declined to seek comment from the plaintiff prior to publication, which "blatantly violated NYT's own published policies and ethical guidelines").

26.     As a direct result of MSNBC, Hayes and Melber's defamation, Plaintiff suffered presumed damages and actual damages, including, but not limited to, insult, pain, embarrassment, humiliation, mental suffering, injury to his reputation, costs and other out-of-pocket expenses, in the sum of $25,000,000.00.

### COUNT II – <u>FALSE LIGHT INVASION OF PRIVACY</u>

27.     Plaintiff restates paragraphs 1 through 26 of this Complaint, and incorporates them herein by reference.

28.     By publishing the Hayes Statements and the Melber Statements on the Internet and via social media, MSNBC, Hayes and Melber generated substantial publicity about the false Statements of or concerning Plaintiff. Defendants ascribed to Plaintiff crimes her never committed, actions he never took, and statements he never made. Defendants' Statements created an egregiously false impression about Plaintiff in the minds of viewers. Defendants placed Plaintiff in a false light that would be offensive to any reasonable person. Given the universal condemnation of the January 6, 2021 storming of the Capitol, the false impression published or implied is and would be objectionable to any ordinary reasonable person under the circumstances.

29.     Defendants had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Plaintiff would be placed by the Hayes Statements and the Melber Statements.  Hayes, an experienced reporter and editor, and Melber, an attorney, knew that reckless disregard for the record in Straka's criminal case would cause substantial publicity and personal and professional harm for Straka.  As a result of MSNBC, Hayes and Melber's false Statements, Plaintiff was universally condemned and threatened.

30.     MSNBC, Hayes and Melber's actions constitute a false light invasion of Plaintiff's privacy.

31.     As a direct result of MSNBC, Hayes and Melber's false light invasion of privacy, Plaintiff suffered presumed damages and actual damages, including, but not limited to, insult, pain, embarrassment, humiliation, mental suffering, injury to his reputation, costs and other out-of-pocket expenses, in the sum of $25,000,000.00.

Plaintiff alleges the foregoing based upon personal knowledge, public statements of others, and records in his possession.  Plaintiff believes that substantial additional evidentiary support, which is in the exclusive possession of MSNBC, Hayes and Melber, and their agents and other third-parties, will exist for the allegations and claims set forth above after a reasonable opportunity for discovery.

Plaintiff reserves his right to amend this Complaint upon discovery of additional instances of Defendants' wrongdoing.

## CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter Judgment against MSNBC, Hayes and Melber, jointly and severally, as follows:

A.      Compensatory damages in the sum of $25,000,000.00;

B.      Prejudgment interest on the principal sum awarded by the Jury at the maximum rate allowed by law;

C.      Postjudgment interest at the maximum rate allowed by law;

D.      Costs and other recoverable amounts as allowed by law;

E.      Such other relief as is just and proper.


### TRIAL BY JURY IS DEMANDED


DATED:        December 16, 2022


Signature of Counsel on Next Page

BRANDON STRAKA

By: */s/ William F. McGinn*
    William F. McGinn, PC #24477
    2817 MacIneery Drive, # 1303
    Council Bluffs, IA 51501
    Telephone: 402-598-7211
    Email: williamfmcginn@gmail.com

    *Counsel for the Plaintiff*

    Steven S. Biss (VSB # 32972)
    300 West Main Street, Suite 102
    Charlottesville, Virginia 22903
    Telephone: (804) 501-8272
    Facsimile: (202) 318-4098
    Email: stevenbiss@earthlink.net
    *(Motion for Admission Pro Hac Vice*
        *To be Filed)*

    *Counsel for Plaintiff*