IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON STRAKA,<br><br>    Plaintiff,<br><br>vs.<br><br>NBC Universal MEDIA, LLC,<br><br>    Defendant.[1] | **8:22CV434**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court on defendant NBC Universal Media, LLC's ("NBC Universal") motion to dismiss, Filing No. 16. This is an action for defamation and false light invasion of privacy. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. Defendant NBC Universal moves to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or for improper venue under Fed. R. Civ. P. 12(b)(2). Alternatively, it moves to transfer venue to the Southern District of New York.

I. BACKGROUND

  In his complaint, the plaintiff, Brandon Straka, alleges that NBC Universal published statements on primetime cable television that singled out Straka and falsely accused him of criminal conduct in connection with events that occurred on January 6, 2021, at the Capitol in Washington, D.C.[2] Straka alleges that he suffered harm to his reputation as a result of those statements. In its motion to dismiss, defendant NBC

---

[1] Chris Hayes and Ari Melber have been dismissed as defendants on plaintiff's motion. Filing No. 25, Notice of Voluntary Dismissal; Filing No. 27, Order of Dismissal.

[2] Specifically, the plaintiff alleges NBC Universal employees Chris Hayes and Ari Melber made materially false statements on cable television programs that that Straka committed the "Federal crime of storming the Capitol;" that NBC Universal misattributed statements to Straka that he never made; that NBCU falsely stated that Straka "[broke] into the Capitol" on January 6, 2021; and that NBCU falsely stated or implied that Straka was "convicted" of "trying to help attack police officers" and that he "confessed" and was found "guilty" of "helping attack police." Filing No. 1, Complaint at ¶¶ 8, 13.

Universal argues that, as a matter of law, the plaintiff cannot meet his burden of proving the material falsity of any of the challenged statements. It argues the action is barred by the binding judicial admissions Straka made in his criminal case involving his conduct on January 6, 2021.

In support of its motion, defendant submits certain public records that are part incorporated into the plaintiff's complaint by reference and otherwise subject to judicial notice. Filing No. 17, Index of Evid., Filing No. 17-1, Ex. 1, Declaration of Natalie J. Spears ("Spears Decl."), Filing Nos. 17-2–14, Exs. 1(A) to 1(M). Those exhibits include information about Brandon Straka's website and activities involving the WalkAway campaign (Filing Nos. 17-2–6, Exs. (A) to 1(E)); the New York State Court Amended Complaint in an action against the Lesbian, Gay, Bisexual and Transgender Community Center and others (Filing No. 17-1, Ex. 1(F)); the cable segments referenced in the plaintiff's complaint in this case (Filing Nos. 17-8 and 17-9, Exs. 1(G) and 1(H)); the Criminal Complaint & FBI Affidavit, the Plea Agreement, the Statement of Offense, and Sentencing Memorandum Excerpts in *United States v. Brandon Straka*, No. 1:21-cr-00579 (D.D.C.) (Filing Nos. 17-10–13, Exs. 1(I) to 1(L)); and excerpts of Brandon Straka's deposition testimony to the January 6th Select Committee (Filing No. 17-14 Ex. 1(M)). As relevant to the present motion, the Court considers and relies on the criminal case filings.

Those documents show that the plaintiff entered a plea of guilty to count one of an information charging him with Engaging in Disorderly and Disruptive Conduct in the Capitol Building or Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D). Filing No. 17-11 at 1, Ex. 1(J), plea agreement. In the plea agreement, he acknowledged that the attached Statement of Offense fairly and accurately described his actions and involvement in the

2

offense. *Id.* at 2. He agreed and stipulated to the factual basis for his guilty plea and agreed that if the case were to proceed to trial, the United States could prove the agreed-to facts beyond a reasonable doubt. Filing No. 17-12 at 1, Ex. 1(K), Statement of Offense.[3] The Statement of Offense provides that Straka "knowingly entered the restricted area at the U.S. Capitol Grounds." *Id.* at 4. It further provides:

> While in the restricted area, knowing he was not authorized to be there, Straka observed the crowd yelling and U.S. Capitol Police trying to prevent people from going into the U.S. Capitol and to manage the unruly crowd. Amongst other things, he engaged in disruptive conduct by participating, along with others, in yelling "go, go, go" to encourage others to enter the U.S. Capitol while the U.S. Capitol Police were making their best efforts to prevent people from doing so. Straka also observed others yelling to take a U.S. Capitol Police Officer's shield. He recorded a video of what was happening, and in the video, he chimed in with the crowd, saying "take it, take it." He did this between 2:30 and 2:45 p.m. on January 6 while outside the entrance to the U.S. Capitol in the restricted area on the Capitol Grounds. Straka left the U.S. Capitol Grounds at approximately 3:00 p.m.

*Id.* Also, Straka agreed that he "knew at the time he entered the U.S. Capitol Grounds that that he did not have permission to enter the Grounds, and the [he] did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress." *Id.*

II. LAW

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007); *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds [on] which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S.

---

[3] The FBI affidavit supporting the criminal complaint shows there was ample evidence against Straka, including witness testimony, videotaped evidence, and text messages. Filing No. 17-10, Ex. 1I), Criminal Complaint and FBI Affidavit at 2-8.

3

at 555)). In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept the allegations contained in the complaint as true and draw reasonable inferences in favor of the nonmoving party. Cole v. Homier Distrib. Co., 599 F.3d 856, 851 (8th Cir. 2010).

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the factual allegations in plaintiff's complaint "must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the Court "to draw on its judicial experience and common sense." Id. at 679.

Dismissal under Rule 12(b)(6) is appropriate only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations. O'Neal v. State Farm Fire & Cas. Co., 630 F.3d 1075, 1077 (8th Cir. 2011). Although the Federal Rules of Civil Procedure require more specific pleading in certain cases, "defamation cases are not among them." Hatfill v. New York Times Co., 416 F.3d 320, 329 (4th Cir. 2005).

Under Nebraska law, a claim of defamation requires: "(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged publication to a third party; 3) fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." Norris v. Hathaway, 561 N.W.2d 583, 585 (Neb. App. 1997) (citations

4

omitted).[4]  Falsity is an element of a plaintiff's defamation claim and is his burden under the First Amendment.  *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 776 (1986) (in cases involving speech of public concern, the Constitution requires "that the plaintiff bear the burden of showing falsity").[5]

The standard is one of substantial truth or material falsity:  "Minor inaccuracies do not amount to falsity so long as 'the substance, the gist, the sting, of the libelous charge be justified.'"  *Masson v. New Yorker Mag., Inc.*, 501 U.S. 496, 517 (1991) (quoting *Heuer v. Kee*, 59 P.2d 1063, 1064 (Cal. App. 1936)).  A statement is not false unless "it would have a different effect on the mind of the reader from that which the pleaded truth would have produced."  *Id.*

If a statement, though not precisely true, is substantially true, that is enough to end the litigation as a matter of law.  *Bustos v. A & E Television Networks*, 646 F.3d 762, 762 (10th Cir. 2011) (emphasis in original) (affirming dismissal of a claim for damages in a defamation suit "for being called a member of the Aryan Brotherhood prison gang on cable television when, as it happens, you have merely conspired with the Brotherhood in a criminal enterprise") (Gorsuch, J.); *see also Lundell Mfg. Co. v. Am. Broad. Companies,*

---

[4] The Court need not address the choice of law issue because the plaintiff's burden to show falsity is the same under either New York or Nebraska law.  *See, e.g., Tannerite Sports, LLC v. NBCUniversal News Grp., a division of NBCUniversal Media, LLC*, 864 F.3d 236, 244–45 (2d Cir. 2017) (falsity is plaintiff's burden under New York law; citing cases); *Deaver v. Heinel*, 391 N.W.2d 128, 132 (Neb. 1986) (falsity is plaintiff's burden under Nebraska law).

[5] The question of a plaintiff's status as either a public or private figure or a presents an issue of law to be determined by the court.  *In re IBP Confidential Bus. Documents Litig.*, 797 F.2d 632, 644 (8th Cir. 1986).  The Court need not address the issue, however, because the plaintiff fails to meet the less-formidable burden of proof applied to private individuals seeking recovery for defamation.  *See id.*; *Philadelphia Newspapers, Inc.*, 475 U.S. at 776–77 (holding private defamation plaintiffs must prove the falsity of speech on matters of public concern).  Public officials and public figures may not recover in defamation unless they prove by clear and convincing evidence "that the [challenged] statement was made with 'actual malice'— that is, with knowledge that it was false or with reckless disregard of whether it was false or not."  *New York Times Co. v. Sullivan*, 376 U.S. 254, 280(1964).

*Inc.*, 98 F.3d 351, 357 (8th Cir. 1996) ("if no reasonable jury could conclude that the statement was a false statement of material fact, the libel defendant is protected from a defamation suit"). To satisfy his burden of proving material falsity, a plaintiff must prove that the "gist or sting" of the alleged defamation would have a different effect on the mind of the audience than the literal truth; "[w]hen the truth is so near to the facts as published that fine and shaded distinctions must be drawn and words pressed out of their ordinary usage to sustain a charge of libel, no legal harm has been done." *Tannerite Sports, LLC*, 864 F.3d at 242–43 (citation omitted); *see Air Wisconsin Airlines Corp. v. Hoeper*, 571 U.S. 237, 247 (2014) (finding no "material difference" between "a statement that [plaintiff] had just 'blown up' in a professional setting" and allegedly defamatory statement that "he was '[u]nstable'"). In evaluating a statement's substantial truth, courts should not engage in "fine splitting of semantic hairs" that "might leave room to argue about its literal truth." *Wesbrook v. Ulrich*, 840 F.3d 388, 395 (7th Cir. 2016).

Generally, the court may not consider matters outside the pleadings when deciding a motion to dismiss for failure to state a claim. Fed. R. Civ. P. 12(d). "Though matters outside the pleading may not be considered in deciding a Fed. R. Civ. P. 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." *Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) (quotations omitted); *see also Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (noting an exception for "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." (quotations omitted)). The Court may also "take judicial notice

6

of public records and may thus consider them on a motion to dismiss." *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).

A criminal defendant is bound by his own admissions in entering a guilty plea. *Scholes v. Lehmann*, 56 F.3d 750, 762 (7th Cir. 1995) ("Admissions—in a guilty plea, [ ] as elsewhere—are admissions, they bind a party; and the veracity safeguards surrounding a plea agreement that is accepted as the basis for a guilty plea and resulting conviction actually exceed those surrounding a deposition"); *see Fleming v. United States*, 755 F. Supp. 2d 1019, 1027 (D. Neb. 2010) ( stating the plaintiff "confessed his guilt when he entered a plea of guilty . . . and he is bound by his own admission."). A defendant admits all essential elements of the offense by pleading guilty. *See also Hernandez-Uribe v. United States*, 515 F.2d 20, 21 (8th Cir. 1975). Judicial determination of a factual basis for criminal charges and is a necessary part of accepting a guilty plea. Fed. R. Crim. P. 11(f).

Judicial estoppel is a tool by which courts can prevent litigants from asserting contrary positions in different forums. *See United States v. Hamed*, 976 F.3d 825, 828–29 (8th Cir. 2020). "[J]udicial estoppel protects the integrity of the judicial process' by preventing a party from taking a position in a legal proceeding that is inconsistent with one it took earlier, 'simply because [its] interests have changed." *Id.* at 829 (quoting *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006)). "[A] person may not state[ ] facts under oath during . . . a trial" and then deny "those facts in a second suit." *Stallings*, 447 F.3d at 1047; *see also Lowery v. Stovall*, 92 F.3d 219, 224–25 (4th Cir. 1996)) ("Particularly galling is the situation where a criminal convicted on his own guilty plea seeks as a plaintiff in a subsequent civil action to claim redress based on a

7

repudiation of the confession. The effrontery or, as some might say it, chutzpah, is too much to take."). The doctrine applies when a party's later position is clearly inconsistent with its earlier position; the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled; and the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). Judicial estoppel is an equitable doctrine that courts may invoke at their discretion. *Id.*

　　III.　　DISCUSSION

The Court takes judicial notice of the criminal case filings and relies on the public record relating to Straka's involvement in events on the Capitol grounds on January 6, 2021. The Court finds the defendant's motion to dismiss for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6) should be granted.

The material challenged in the plaintiff's complaint cannot be understood by a reasonable person as anything but substantially, if not literally, true. The differences between the statements NBC Universal published on cable television programs and the admissions Straka made in his criminal case are slight if not nonexistent. Although there may be no federal crime expressly denominated as "storming the Capitol," the descriptions of Straka's conduct on January 6, 2021, would roughly equate to such a crime. He admitted committing disorderly and disruptive conduct in the Capitol building or grounds, with the intent to disrupt the counting of electoral votes. That admission made him complicit in storming the Capitol. The public record shows that he was on the Capitol

grounds with other "Patriots" encouraging them to enter the Capitol and commit violence. His conduct has the same "gist or sting" whether or not he crossed the building's threshold or not. The distinction between entering the Capitol building versus the grounds of the Capitol is meaningless in the context of the charges levelled against him. Straka admits he "chimed in with the crowd, saying 'take it, take it.'" Whether he said, "take it away from him" or "take the shield!" as opposed to "take it! take it!" is another distinction without a difference. The reference is clear from the surrounding context. Whether the crime charged was a felony or misdemeanor is also a matter of no consequence. Straka admitted the public was restricted from the Capitol grounds and he was inside the grounds without authorization. In the context of the overall occurrence, there is no meaningful difference between the actions outlined in the Statement of Offense and the allegedly false statement or implication that that Straka was "convicted" of "trying to help attack police officers" and that he "confessed" and was found "guilty" of "helping attack police." Whatever differences there are between statements that Straka committed the federal crime of storming the Capitol and the conduct that forms the basis of his plea amount to semantic hair splitting.

Also, Straka is barred by the doctrine of judicial estoppel from disavowing the admissions he made in connection with the criminal case. Straka obtained the benefit of dismissal of more serious charges in exchange for his guilty plea. Straka's position in this action is clearly inconsistent with the statements he agreed to at the time of his plea. His assertion that the challenged on-air statements by Hayes and Melber are false are entirely contradicted by the factual basis of his guilty plea. The documents embraced by the

9

complaint show that the challenged statements are not materially false, and the plaintiff cannot state a claim for relief.

In light of this finding, the Court need not address the issue of venue.

IT IS THEREFORE ORDERED

1. The defendant's motion to dismiss (Filing No. 16) is granted.

2. This action is dismissed.

3. A judgment of dismissal will be entered.

Dated this 8th day of August 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge